09-2221-cv
Comins v. Astrue

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of April, two thousand ten.

PRESENT:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> DENNY CHIN,
> > *District Judge.*[*]

_____

Belva Comins,

> *Plaintiff-Appellant*,

> v.                                                                           09-2221-cv

Michael J. Astrue, Commissioner of Social Security,

> *Defendant-Appellee*.

_____

---

[*]The Honorable Denny Chin, United States District Judge for the Southern District of New York, sitting by designation.

FOR APPELLANT:    HOWARD D. OLINSKY (Jaya A. Shurtliff, *on the brief*); Olinsky & Shurtliff, Syracuse, New York.

FOR APPELLEE:    ROBERT SCHRIVER, Special Assistant United States Attorney (Andreea Lechleitner, Special Assistant United States Attorney, Stephen P. Conte, Acting Chief Counsel, Region II, Office of the General Counsel, Social Security Administration, *on the brief*), *for* Andrew T. Baxter, United States Attorney for the Northern District of New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-Appellant appeals from the district court's March 26, 2009 order adopting the Report & Recommendation of Magistrate Judge Lowe in its entirety, ultimately accepting the Social Security Commissioner's (the "Commissioner") decision and dismissing Ms. Comins's complaint. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We review the administrative record as a whole to determine whether there is substantial evidence to support the Commissioner's decision and to ensure the correct legal standards were applied below. *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008). Substantial evidence is more than a "mere scintilla"; instead the record must have "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 127 (internal quotation marks omitted). This review focuses not on the district court opinion but on the administrative ruling. *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009).

2

Appellant raises three objections to ALJ Andrus's ruling, later adopted by the Commissioner. We address them in order. First, Ms. Comins asserts that Dr. Vilas Patil was her treating psychiatrist at the Oswego Hospital Behavioral Services Division, and the ALJ failed to develop fully the record by not requesting a function-by-function analysis from Dr. Patil regarding Ms. Comins's employment limitations. A medical treating source—here, a psychiatrist—provides the applicant "with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship" with the applicant. 20 C.F.R. § 404.1502. The record indicates that Dr. Patil examined Ms. Comins only once, at her discharge from Oswego Hospital, and his assessment of her at the time is included in the record. The only other indication of Dr. Patil's connection with Ms. Comins in the record is his signature on an evaluation of Ms. Comins, performed by Alan Woodworth, which Dr. Patil signed as Woodworth's supervisor. This sparse evidence does not demonstrate that Dr. Patil had an "ongoing treatment relationship" with the applicant. *Id.* There are numerous evaluations from other sources who actually did treat Ms. Comins's medical situation, and the ALJ did not err in not requesting a specific function-by-function analysis from Dr. Patil.

Appellant's second, related objection to the adverse decision concerns the ALJ's evaluation of Ms. Comins's potential mental impairment through the special technique identified in 20 C.F.R. § 416.920a. She asserts that the ALJ did not properly analyze the applicable factors as they applied to her. The special technique requires evaluation of four areas of potential functional limitation: "[a]ctivities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. § 416.920a(c)(3). In our decision in *Kohler v. Astrue*, we determined the ALJ did not evaluate any of the four required areas with the necessary specificity to allow for

3

"[e]ffective review by this Court." 546 F.3d 260, 267 (2d Cir. 2008). Here, however, the ALJ's decision specifically expounded upon each of the four functional areas of the special technique. Bolstered by evaluations from a variety of medical personnel who evaluated Ms. Comins, he carefully laid out the limitations Ms. Comins would be expected to have in each area. This objection, therefore, is without merit.

The third objection involves the testimony of the vocational expert, which Ms. Comins argues was improperly elicited by the ALJ's hypothetical questions. We find no issue with the hypotheticals posed by ALJ Andrus because they appropriately sought to probe variations of Ms. Comins's ability to work.

After reviewing the issues on appeal and the not insubstantial record of all the proceedings below, we affirm for substantially the reasons articulated by the district court in its order and opinion.

Accordingly, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4